# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2014

Lyle W. Cayce
Clerk

———————

No. 13-50747

———————

HUNT BUILDING COMPANY, LIMITED, A Texas Limited Partnership; M. L. HUNT; W. L. HUNT; NORTH HILLS HOUSING LIMITED PARTNERSHIP,

Plaintiffs - Appellants Cross-Appellees,

v.

JOHN HANCOCK LIFE INSURANCE COMPANY (USA), A Michigan Corporation; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.; JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK,

Defendants - Appellees Cross-Appellants.

———————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-295

———————————

Before JOLLY and JONES, Circuit Judges, and GODBEY[*], District Judge.

PER CURIAM:[**]

This appeal lies from a final judgment after a bench trial in a breach of contract dispute. Because the district court correctly held the contract at issue

---

[*]District Judge of the Northern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50747

was ambiguous, and correctly declined to apply the doctrine of *contra proferentem* (i.e., construe ambiguous agreement against the drafter), we affirm.

The facts are well-known to the parties and set out fully in the opinions below. The Court will therefore not repeat them at length here. Suffice to say this is essentially a contract dispute between the developer of military housing (appellants) and a lender (appellees) regarding the construction of a guaranty and related deed of trust. The parties filed cross-motions for summary judgment, requesting the district court to construe the agreements as a matter of law. The district court denied the motions, holding that the agreements were ambiguous. Following a bench trial, the district court found the agreements should be construed for the lender. Appellants now argue again that this Court should construe the agreements in their favor as a matter of law or, in the alternative, that the agreements should be construed in their favor based on the doctrine of *contra proferentem*. We affirm for essentially the reasons given by the district court in its careful and thorough rulings below. *See* Memorandum Order Denying Plaintiff's Motion and Denying Defendants' Cross-Motion for Partial Summary Judgment (Dec. 19, 2012) ROA.5137-78 (holding contracts ambiguous); Findings of Fact and Conclusions of Law (July 3, 2013) ROA.5627, 5670-72 (discussing *contra proferentem* under New York law).

Cross-appellants ask us to "reverse" a comment apparently made by the district court in an unrecorded telephone conversation with counsel. We have no jurisdiction to review something other than a ruling by the district court and we decline to issue an advisory opinion. *See* 28 U.S.C. §§ 1291-92; *Cutler v. Stephen F. Austin State Univ.*, 531 F. App'x 523, 524 (5th Cir. 2013) (unpub.) ("This court does not have jurisdiction to issue advisory opinions regarding

No. 13-50747

decisions of the district court that have not been made at a trial that has not been held."). We therefore dismiss the cross-appeal for lack of jurisdiction. We also remand for the limited purpose of allowing the district court to consider cross-appellants' request for attorneys' fees and expenses incurred in the course of this appeal.

AFFIRMED.